UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STANLEY MONTEZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:13-cv-788-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion is denied and defendant's motion is granted.

I.   BACKGROUND

Plaintiff filed an application for a period of disability and DIB on January 8, 2010, alleging that he had been disabled since July 30, 2009. Administrative Record ("AR") 154-160. Plaintiff's application was initially denied on June 23, 2010, and upon reconsideration on November 18, 2010. *Id.* at 87-90, 97-102. On July 7, 2011, a hearing was held before administrative law judge ("ALJ") Paul G. Robeck. *Id.* at 33-84. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id.*

On July 20, 2011, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id.* at 18-27. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since July 30, 2009, the alleged onset date (20 C.F.R § 404.1571, *et seq.*).

* * *

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: chronic low back pain secondary to lumbar spine degenerative disc disease, and right knee pain secondary to post horn medial meniscal tear (20 C.F.R. § 404.1520(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except he can occasionally climb ramps and stairs, occasionally balance, stoop, kneel, crouch, and crawl. He should never climb ladders, ropes, or scaffolding.

\* \* \*

6. The claimant is capable of performing past relevant work as director of employment services (DOT 188.117-074) and a vocational rehabilitation counselor (DOT 045.107-042). This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 C.F.R § 404.1565).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act from July 30, 2009, through the date of this decision (20 C.F.R. § 404.1520(f)).

*Id.* at 20-27.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 12-13, and on April 8, 2013, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   ANALYSIS

Plaintiff argues that the ALJ erred: (1) in finding that he was not credible, (2) failing to credit lay-witness statements (3) in assessing his RFC, and (4) by failing to pose a hypothetical to the VE that included all of plaintiff's limitations. ECF No. 15 at 6-14.[2]

A. The ALJ Provided Legally Sufficient Reasons for Discrediting Plaintiff's Testimony

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345–47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be

---

[2] Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

4

1    relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek

2    treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ

3    in determining whether the alleged associated pain is not a significant nonexertional impairment.

4    *See Flaten v. Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part,

5    on his or her own observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir.

6    1989), which cannot substitute for medical diagnosis. *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6

7    (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the

8    Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

9    *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999).

10   In the instant case, plaintiff testified that he is unable to work due to constant back pain.

11   AR 41. He claims that the pain precludes him from remaining in the same position for an

12   extended period of time and from walking more than a couple blocks. *Id*. He also claims that he

13   is unable to work due to constant knee pain. *Id*. 49. Plaintiff further testified that he "can't do

14   anything for more than a half hour to 45 minutes before I have to stop . . . I don't care if it's

15   sitting at a desk working at a computer or something that's not really demanding physically, but

16   that doesn't make a difference." *Id*. at 55.

17   The ALJ provided two reasons for according reduced weight to plaintiff's testimony.

18   First, the ALJ observed that the record contained inconsistent statements regarding plaintiff's

19   daily activities. *Id*. at 26. At the hearing, plaintiff testified that he played golf about once a week

20   if he is lucky. *Id*. at 42. However, plaintiff completed a functional report in which he reported

21   that he plays golf 2 to 3 times to week. *Id*. at 225. The ALJ was permitted to give reduced

22   weight to plaintiff's testimony based on the inconsistent statements in the record. *See Smolen*, 80

23   F.3d at 1284.

24   Second, the ALJ found that plaintiff's reported daily activities were not consistent with an

25   individual that is unable to work and cited specific examples. AR 26. An ALJ may consider

26   activities of daily living in assessing a plaintiff's credibility. *Burch v. Barnhart*, 400 F.3d 676,

27   681 (9th Cir. 2005). "[I]f a claimant engages in numerous daily activities involving skills that

28   could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon

1  making a specific findings related to those activities." *Id*. As mentioned above, plaintiff stated
2  that he plays golf one to three times a week. AR 42, 225. Each time plaintiff generally plays 18
3  holes and swings a club approximately 100 times. *Id*. 42, 80. Plaintiff also reported that he
4  works as a golf marshal for about 10 to 12 hours each week. *Id*. at 39, 73. Plaintiff reported that
5  this job required him to lift water jugs weighing 20 pounds. *Id*. at 206. The ALJ specifically
6  found that plaintiff's ability to play golf one to three times a week and to work as a golf marshal
7  on a part-time basis was inconsistent with his claim of disability due to back and knee
8  impairments. *Id*. at 25. The physical requirements necessary to play golf and work on a golf
9  course tend to show that plaintiff retains the functional capacity to work. *See Nunes v. Astrue*,
10 1:09-cv-00645-SKO, 2010 WL 3715141, * 7 (E.D. Cal. Sept. 16, 2010) (finding that an ALJ
11 properly discounted a plaintiff's credibility based on plaintiff ability to play 9 holes of golf three
12 to four times a week, which was inconsistent with alleged disabling shoulder, back, leg, and knee
13 pain).

14        Accordingly, the ALJ provided clear and convincing reasons for discrediting plaintiff's
15 subjective complaints.

16        B.  <u>The ALJ Did Not Error in Rejecting Ms. Montez's Statements.</u>

17        Plaintiff also argues that the ALJ erred by failing to credit the testimony of his daughter,
18 Sereno Montez. ECF No. 15 at 6. "[L]ay witness testimony as to a claimant's symptoms or how
19 an impairment affects ability to work is competent evidence, and therefore cannot be disregarded
20 without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996); *see also Dodrill v.*
21 *Shalala*, 12 F.3d 915, 918-19 (9th Cir.1993) (friends and family members in a position to observe
22 a plaintiff's symptoms and daily activities are competent to testify to condition). If an ALJ
23 disregards the testimony of a lay witness, the ALJ must provide reasons "that are germane to each
24 witness." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir.2009). Further, the reasons "germane to
25 each witness" must be specific. *Id*. at 116; *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1054
26 (9th Cir.2006) (finding that the ALJ erred by failing to consider the lay testimony of two
27 witnesses about how the plaintiff's impairments affected his ability to work).
28 /////

1        Ms. Montez completed a third-party function report on March 26, 2010.  AR 233-240.
2   She stated that plaintiff works at a golf course two days a week, cleans the house, takes care of
3   two dogs, works in the yard, cooks dinner, watches television, and goes grocery shopping.  *Id*. at
4   233, 236.  She also stated that plaintiff cannot engage in any heavy lifting or strenuous physical
5   activities, and he cannot stay in the same position for more than 15-20 minutes.

6        The ALJ's decision does not mention Ms. Montez's statements, and thus does not provide
7   a germane reason for not crediting her testimony.  However, this failure was harmless.  Ms.
8   Montez's statements merely reiterated plaintiff's complaints.  Thus, "the same evidence that the
9   ALJ referred to in discrediting [plaintiff's] claims also discredited [the law-witness's] claims."
10  *Molina v. Astrue*, 674 F.3d 1104, 1121-22 (9th Cir. 2012); *see also Valentine v. Comm'r of Soc.*
11  *Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear
12  and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms.
13  Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane
14  reasons for rejecting her testimony.").

15       Thus, the ALJ's failure to address Ms. Montez's statements was harmless error.

16       C.   Remaining Arguments

17       Plaintiff also argues that (1) the ALJ's RFC determination is not supported by substantial
18  evidence and (2) the ALJ erred by failing to pose a hypothetical question to the VE that included
19  all non-exertional limitations.  ECF No. 15 at 11-13.  As for the ALJ's RFC determination,
20  plaintiff contends that the ALJ failed to account for his "chronic pain due to his low back and
21  right knee problems."  *Id*. at 11.  In the same vein, plaintiff argues that the ALJ failed to pose a
22  hypothetical to the VE that included the "effect of his chronic pain . . . ."  *Id*. at 13.  These
23  arguments rest on plaintiff's contention that the ALJ should not have discredited plaintiff's
24  subjective complaints of pain and the statements by Ms. Montez supporting those complaints.  As
25  discussed above, the ALJ specifically found that plaintiff's complaints of debilitating pain were
26  inconsistent with other evidence in the record and therefore appropriately gave reduced weight to
27  plaintiff's testimony.  Furthermore, Ms. Montez's statements were similar to plaintiff's testimony
28  and largely repeated those complaints and were properly discounted for the same reasons.

Accordingly, plaintiff's contention that the ALJ erred in assessing his RFC and posing hypotheticals to the VE is without merit.

IV.     CONCLUSION

The ALJ applied the proper legal standard and his decision was supported by substantial evidence.  Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 26, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE